UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 26-CR-60088-DIMITROULEAS

UNITED STATES OF AMERICA

v.

BOISE CASCADE COMPANY,

Defendant.

_____/

## FACTUAL PROFFER

The United States Attorney for the Southern District of Florida and the Environmental Crimes Section of the United States Department of Justice (collectively, the "United States"), and Boise Cascade Company (hereinafter referred to as the "Defendant" or "Boise") agree that, had this case proceeded to trial, the United States would have presented evidence proving the following beyond a reasonable doubt:

Beginning in or around November 2017 and continuing through and including February 2021, Defendant was a publicly traded company, incorporated in Delaware, with two wholly owned subsidiaries: one that manufactured wood products, and one being a wholesale distributor of building materials. One of its distribution centers was located in Pompano Beach, Florida, within the Southern District of Florida.

From on or about April 25, 2017, through on or about August 22, 2017, and from on or about December 20, 2017, through at least April 22, 2021, countervailing duties of 22.98% applied to all imports of hardwood plywood for which the country of origin was the People's Republic of China.

From on or about June 23, 2017, through on or about December 19, 2017, and from on or about December 27, 2017, through at least April 22, 2021, anti-dumping duties of 183.36% applied to all imports of hardwood plywood for which the country of origin was the People's Republic of China.

At all relevant times, plywood with both outer plies of coniferous wood (softwood), regardless of country of export, carried a general duty of 8%, with few exceptions. For example, plywood containing an outer ply of Parana pine (*Araucaria angustifolia*) was duty-free.

Defendant did not import hardwood plywood itself but instead purchased some of its hardwood plywood from suppliers. Between November 2017 and February 2021, Defendant's Pompano location purchased hardwood plywood from Horizon Plywood ("Horizon"), a Florida-based plywood import company owned and operated by Noel Quintana and Kelsy Quintana (collectively, "the Quintanas"). The Quintanas pleaded guilty to conspiracy, Lacey Act, and in Noel Quintana's case, smuggling violations on October 19, 2023, based on their importing hardwood plywood, particularly birch plywood from China falsely declared as being manufactured in other countries or by misidentifying the wood species to evade the greater than 200% duties imposed on plywood imports from China. *See United States v. Quintana et al.*, Case No. 21-CR-20245-BLOOM. On November 13, 2023, Horizon employee, Marta Angelbello ("Angelbello") also pleaded guilty to making a false statement in a declaration (18 U.S.C. § 542) related to her role in the Quintanas' illegal imports of Chinese hardwood plywood. *See United States v. Angelbello,* Case No. 23-CR-20413-ALTONAGA.

Defendant was aware by December 1, 2017, as shown by internal emails, that "[a]ll hardwood plywood manufactured in China and imported to the USA will be charged a ~206% duty." Defendant advised its employees and suppliers to be careful of their sell price in anticipation

of this increased cost and provided some suggested alternative (non-Chinese) sourcing for its buyers.

During the sales years of 2018 through 2021, Defendant's Pompano location purchased hardwood plywood from Horizon, totaling more than $30 million. Beginning in approximately 2019, Defendant purchased, received, sold, and transported hardwood plywood knowing (including actions manifesting willful blindness) that hardwood plywood was illegally imported from China, that is, without paying duties because, among other things: (1) before the duties were imposed, Defendant knew or should have known the plywood purchased from Horizon was sourced from China; (2) the appearance, marking, and low pricing of the plywood did not change once the approximately 200% duties were imposed; (3) Defendant was generally aware of and on notice of duty evasion schemes following the imposition of the tariffs; (4) Defendant was aware that Horizon had previously transshipped product; and (5) in the two weeks following the execution of a federal search warrant at Horizon buildings, Defendant's Pompano location continued purchasing and receiving plywood from Horizon.

On December 4, 2018, one of Defendant's product managers based in Pompano emailed his Regional Commodity Procurement Manager asking if he could buy "Gmelina plywood" offered by Horizon which Horizon stated was legal to bring from China. Horizon's email offering the products noted that "Gmelina" plywood was pine and thus not included in the antidumping prohibitions. Basic research could have quickly confirmed that "Gmelina" is a hardwood, not a pine. Defendant's procurement manager responded, presumably without conducting that research, in part: "I wouldn't import them myself directly from China unless I had an official approval from U.S. Customs but if you are buying it from … Horizon then they are the importer of record so Customs should not be able to come after us."

In another example, in or around May 2018, Defendant received photographs from a mill in China showing plywood with Boise's name affixed to it, and a purchase order number from December 2017. Defendant further received notification from Horizon that its wood was now being shipped from Malaysia instead of Vietnam. In emails dated December 11, 2018, Defendant's employees discussed the price difference between Horizon and its competitors. They noted that Horizon's pricing "is always lower than what we can buy" and went on to discuss that the then current price for plywood from Cambodia was $28.16 per sheet plus freight and Defendant would still have to strip every container, while Horizon's price was $27.10 per sheet delivered to Defendant's Pompano location on a flatbed truck. Defendant's procurement manager responded that she was pretty sure Horizon's product was being made in Malaysia as claimed and not transshipped from China because other importers had offered her birch plywood made in Malaysia, but she noted that "[w]e know Horizon has sold transshipped plywood in the past" and suggested it would be better to try to get the same price from elsewhere. Later research by Defendant's employee determined that the exporter in Malaysia of at least some of Horizon's plywood was not a mill, but a trading company.

In another example, on December 14, 2018, Noel Quintana sent Defendant an EPA certification and registration for plywood from a factory in Malaysia. Although the name of the factory was partially covered, Defendant discerned that it was the "Bunga Ray" mill. However, Bunga Ray informed Defendant that it did not produce that purported product. Upon learning this, Defendant's procurement manager emailed a colleague, "So Horizon lied again?" Despite knowing this information, the Pompano location continued to purchase plywood from Horizon at prices not available from other suppliers.

The government executed a search warrant at Horizon's warehouse in South Florida on January 5, 2021, which Defendant's Pompano branch employees acknowledged was a widely known incident. Despite knowing that Horizon was under some federal investigation, albeit the nature of the investigation being unknown, Defendant continued to order product from Horizon, placing at least ten new orders for birch plywood between January 8, 2021, and January 19, 2021.

The United States and Defendant agree that these facts are sufficient to establish Defendant's guilt as to the crime charged in the Information.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 4/27/2026                By: _____
CHRISTIAN HARRIS
ASSISTANT UNITED STATES ATTORNEY

ADAM R.F. GUSTAFSON
PRINCIPAL DEPUTY ASSIST. ATTY. GEN.
UNITED STATES DEPARTMENT OF JUSTICE

Date: 4/27/26                  By: _____
EMILY R. STONE
TRIAL ATTORNEY

Date: 4/27/26                  By: _____
ERIC R. BRESLIN
ATTORNEY FOR DEFENDANT

Date: 4/27/2026                By: _____
MELISSA S. GELLER
ATTORNEY FOR DEFENDANT

Date: 4/27/26                  By: _____
REPRESENTATIVE OF BOISE CASCADE
COMPANY DEFENDANT