UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CR-60088-DIMITROULEAS

UNITED STATES OF AMERICA

v.

BOISE CASCADE COMPANY,

Defendant.

_____/

## PLEA AGREEMENT

The Environmental Crimes Section of the Environment and Natural Resources Division of the United States Department of Justice, and the United States Attorney's Office for the Southern District of Florida (collectively "the Government") and Boise Cascade Company (the "Defendant") enter into the following agreement:

1.     The Defendant will waive indictment and plead guilty to the Information. The Information charges the Defendant with a violation of the Lacey Act, Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B). The Defendant agrees and understands that the above charge involve the Defendant's conduct, and the conduct of others, between in and about November 2017 and continuing through February 2021, involving the knowing transportation, receipt and acquisition of plywood manufactured in China, knowing it was transported, specifically imported, in violation of underlying United States law. This agreement resolves the Defendant's federal criminal liability in the Southern District of Florida, growing out of any such criminal conduct by the Defendant known to the Government as of the date of this plea agreement, except any tax liabilities.

2.     The Defendant understands and acknowledges that the Court may impose a statutory maximum fine of up to twice the gross gain or loss derived from the conviction pursuant to 18 U.S.C. § 3571(d) and may order forfeiture and restitution. The Defendant also understands and acknowledges that the Court may impose up to five years' probation. The Defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of $400 will be imposed on the Defendant. The Defendant agrees that any special assessments imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to the Government and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

3.     The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may vary from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but it is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing

2

these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 2 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The Government reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Government further reserves the right to make any recommendation as to the quality and quantity of punishment.

5.      The Government agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, the Government will move the Court for an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The Government, however, will not be required to make this motion if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into

3

this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including, but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

6. The Government and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court find that

a. The applicable Sentencing Guidelines are set forth in U.S.S.G. §§ 2Q2.1 (rather than the fine provisions in §8C1.1, et. seq.), 8B, 8D and 8E.

b. Pursuant to U.S.S.G. § 8B1.1, no restitution or other remedial relief is owed.

c. Pursuant to U.S.S.G. § 8B1.2, a compliance program is required.

d. Pursuant to U.S.S.G. §§ 8D1.1(a)(2) and (a)(6) and 8D1.2(a)(2), a term of probation is required of not more than five years with conditions of probation related to the creation and implementation of a compliance program as set forth in U.S.S.G. § 8D1.3 and 8D1.4.

e. Pursuant to U.S.S.G. § 8E1.1 and 18 U.S.C. § 3013(a)(1)(B)(iii), a special assessment of $400 must be imposed.

f. The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

7. The Government and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence that consists of:

a. a fine of $6,382,000, which represents twice the gross profits derived from the plywood at issue in this case, which pursuant to 34 U.S.C. § 20101(b)(1)(A)(ii), shall be paid through the Clerk of the United States District Court for the benefit of

4

the Lacey Act Reward Account, which fine shall be made payable to the United States Fish and Wildlife Service, 16 U.S.C. § 3375(d);

b.  a $400 special assessment;

c.  a term of five years' probation with the special condition that the Defendant must implement the compliance plan attached hereto as Exhibit A.

8.  The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the Government, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw the Defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the Government, or a recommendation made jointly by the Defendant and the Government.

9.  The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, as a result of the offense in violation of Title 16, United States Code, Section 3372, to which the Defendant is pleading guilty, the following, pursuant to Title 16, United States Code, Section 3374:

a.  all fish or wildlife or plants imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of section 3372(a), or any regulation issued pursuant thereto; and

b.  all vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of fish or wildlife or plants if (A) the owner of such vessel, vehicle, aircraft, or equipment was at the time of the alleged illegal act a consenting party or privy thereto or in the exercise of due care should have known that such vessel, vehicle, aircraft, or equipment would be used in a criminal violation, and (B) the violation involved the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, fish or wildlife or plants.

In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

10.     The Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include:  disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, any assets involved in the offense of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the

forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

11. The Defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The Defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

12. The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the Government in this plea agreement, the Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the Government appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

13.     The Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute to which the Defendant is pleading guilty is unconstitutional; or (2) the admitted conduct does not fall within the scope of the statutes of conviction.

14.     By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with the Government, to request that the Court enter a specific finding that the Defendant's waiver of its right to appeal the sentence imposed in this case and its right to appeal its conviction in the manner described above was knowing and voluntary.

15.     If the Defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.  The Government will be released from its obligations under this agreement. The Defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b.  The Defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecutions, the Defendant agrees to waive any statute-of-limitations defense; and

c.  Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the Defendant, and all such information, statements, and leads derived therefrom may

8

be used against the Defendant. The Defendant waives any right to claim that statements made pursuant to this agreement before, on, or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the Defendant and any other statements made pursuant to this or any other agreement with the Government, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution of federal law.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

16. This is the entire agreement and understanding between the Government and the Defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 4/27/2026

By: _____
CHRISTIAN HARRIS
ASSISTANT UNITED STATES ATTORNEY


ADAM R.F. GUSTAFSON
PRINCIPAL DEPUTY ASSIST. ATTY. GEN.
UNITED STATES DEPARTMENT OF JUSTICE

Date: 4/27/26

By: _____
EMILY R. STONE
ENVIRONMENTAL CRIMES SECTION
UNITED STATES DEPARTMENT OF JUSTICE

Date: 4/27/26

By: _____
ERIC R. BRESLIN
ATTORNEY FOR DEFENDANT

Date: 4/27/2026

By: _____
MELISSA S. GELLER
ATTORNEY FOR DEFENDANT

Date: 4/27/26

By: _____
REPRESENTATIVE OF BOISE CASCADE
COMPANY, DEFENDANT